UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-cv-1636-NAB |
| v. | ) |
| | ) |
| MELISSA ROMEO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Clint Phillips, III, an inmate at the St. Louis City Medium Security Institution, for leave to commence this action without prepayment of the filing fee. Having reviewed the financial information submitted in support, the Court has determined to grant the motion. In addition, the Court will dismiss this case without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement, detailing his account for April and May of 2017. Based upon this information, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement for the six months immediately preceding the filing of the complaint, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A complaint is factually frivolous if the facts alleged are fanciful, delusional, or based in fantasy. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**The Complaint**

Plaintiff is a frequent filer of frivolous lawsuits. He filed the instant complaint pursuant to 42 U.S.C. § 1983. Named as defendants are Melissa Romeo, a social worker, and Selena Roberson, a Veteran's Administration employee. Also named are indeterminate numbers of "Unknown Homeland Security Officers et al." and "Unknown United States Marshals et al." (Docket No. 1). Plaintiff sues all defendants in their official and individual capacities for monetary damages.

2

The complaint is a compilation of disjointed statements and long, run-on sentences. For example, plaintiff alleges that he showed Romeo and Roberson a picture of a house he wished to buy, he told them about his disability claims for akathisia and erectile dysfunction that he believed would increase his income, and he told them he intended to visit the federal courthouse. He told them he would have to "march through downtown through a bunch of hooligans" and that he was "being followed by infidels/terrorists/tangos." (*Id.* at 6). He alleges that unidentified federal officers engaged in a conspiracy with Romeo and Roberson and many others to detain him on outstanding warrants and "maliciously report" in their database that he was not taking his medication. (*Id.*).

## Discussion

In general, fictitious parties may not be named as defendants in a civil action. Here, the fictitious defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). In addition, § 1983 provides no right of action against federal agents. Finally, plaintiff's allegations throughout the complaint are delusional, *e.g.*, he is being followed by "infidels/terrorists/tangos" and is the target of a vast conspiracy. As a result, the allegations are factually frivolous pursuant to *Denton*, 504 U.S. 25.

For these reasons, the Court finds this action is both legally and factually frivolous under 28 U.S.C. § 1915(e). This action will therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of August, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE